UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DINGLE JR.,

                Plaintiff,

                -v-

UNITED STATES DEPARTMENT OF EDUCATION and COAST PROFESSIONALS INC.,

                Defendants.

19-CV-11533 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

      Plaintiff, proceeding *pro se*, filed a proposed Order to Show Cause why preliminary injunctive relief should not be granted. *See* ECF No. 3. The Court declines to sign the proposed Order in the absence of any showing that Plaintiff is likely to suffer irreparable harm and that he is likely to succeed on the merits of his case. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011). If Plaintiff believes that he is entitled to relief, he may file an appropriate motion, supported by appropriate evidence, seeking such relief. Accordingly, Plaintiff's request for an order to show cause is denied.

      Under Title 28, United States Code, Section 1404(a), a district court has discretion to transfer venue to any other district where a case might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see, e.g.*, *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (discussing the factors to be considered in determining whether to transfer venue). Because Plaintiff lives in Cambria Heights, most if not all of the events giving rise to this lawsuit would seem to have occurred in the Eastern District of New York. Accordingly, the Court is inclined to exercise its discretion under Section 1404(a) by transferring this case to the Eastern District of New York. *See* 28 U.S.C. § § 1391(b) (providing that a civil action may be brought in, among other districts, a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated).

      Accordingly, it is hereby ORDERED that Plaintiff is to show cause in writing no later than **January 3, 2020**, why this case should not be transferred to the Eastern District of New York. If Plaintiff files a response to this Order, Defendants may file a response to Plaintiff no later than the later of **January 17, 2020**, or one week after entry of a notice of appearance. If Plaintiff does not respond to this Order by **January 3, 2020**, the Court will transfer the case to the Eastern District of New York without further notice.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Although Plaintiff has consented to receive electronic service, *see* ECF No. 4, the Clerk of Court is directed to mail a copy of this Order to Plaintiff out of an abundance of caution.

SO ORDERED.

Dated: December 18, 2019
       New York, New York

                                          JESSE M. FURMAN
                                         United States District Judge