UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT DINGLE, JR.,

                      **REPORT AND RECOMMENDATION**
       Plaintiff,                            20 CV 183 (EK)(LB)

  -against-

UNITED STATES DEPARTMENT
OF EDUCATION,

       Defendant.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

Plaintiff Robert Dingle, Jr., proceeding *pro se*, brings this action alleging defendant violated his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff also alleges defendant violated his rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, the New York State General Business Law, N.Y. Gen. Bus. Law § 349, and under New York common law. Plaintiff's amended complaint alleges, *inter alia*, that "[f]or at least fourteen years," the United States Department of Education ("DOE") "has consistently hired debt collectors to harass plaintiff for an unknown debt." Am. Compl. ¶ 3 [ECF No. 36].[1] Defendant now moves to dismiss plaintiff's claims for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) ("Fed. R. Civ. P."), and in the alternative, for summary judgment under Fed. R. Civ. P. 56. The Honorable Eric Komitee referred defendant's motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth herein, it is respectfully recommended that defendant's motion should be granted, and plaintiff's amended complaint should be dismissed without prejudice.

---

[1] For ease of reference, the Court cites to plaintiff's amended complaint attached to defendant's answer, which places the sentences of the amended complaint into numbered paragraphs. See Answ., Ex. 1, Am. Compl. [ECF No. 41-1].

## BACKGROUND[2]

The crux of plaintiff's amended complaint is the allegation that defendant is "pursuing a debt that does not exist." Am. Compl. ¶ 19. In 1998, plaintiff attended a six-month program at Apex Technical School ("Apex Tech") to study automotive technology. Def.'s 56.1 ¶ 1; Olds Decl., Ex. A, Deposition Transcript ("Tr.") p. 12:12-25 [ECF No. 61-1]. Plaintiff received loans from Apex Tech and Citibank to fund his schooling. Def.'s 56.1 ¶ 2. In 2001, plaintiff filed a lawsuit against Apex Tech in Civil Court, Kings County disputing his tuition payments. Def.'s 56.1 ¶ 3. On April 25, 2001, plaintiff and Apex Tech settled the lawsuit by stipulation: Apex Tech released plaintiff from "all claims for unpaid tuition charges and fees and other claims against plaintiff existing on the date hereof." Compl., Ex. B, Stipulation of Settlement [ECF No. 1 at 13]. Only Apex was named as defendant; neither Citibank nor the DOE were party to the civil court action.[3] Def.'s 56.1 ¶ 5.

In June 2007, defendant issued a promissory note to a "Robert Dingle Jr." for his student loan.[4] Olds Decl., Ex. E, Promissory Note ("PN") [ECF No. 61-5]; Plf.'s Opp, Ex. A, Loan

---

[2] The following facts are taken from plaintiff's Amended Complaint ("Am. Compl.") [ECF No. 36], [ECF No. 41-1]; exhibits attached to plaintiff's original complaint ("Compl.") [ECF No. 1]; defendant's Local Civil Rule 56.1 Statement ("Def.'s 56.1") [ECF No. 60-2]; exhibits attached to the Declaration of Dara A. Olds ("Olds Decl.") [ECF No. 61]; and plaintiff's Response in Opposition to defendant's motion ("Plf.'s Opp.") [ECF No. 69]. See Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (considering "further" allegations made in *pro se* plaintiff's affidavit in opposition to defendants' motion to dismiss); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (holding that on a 56.1 motion for summary judgment, a court "may in its discretion opt to conduct an assiduous review of the record" where *pro se* plaintiff failed to comply with local court rules (citation and internal quotation marks omitted) (collecting cases)). Defendant's 56.1 Statement is largely unopposed; a citation to defendant's 56.1 Statement reflects that the statement is supported by the record and is accepted as true unless otherwise noted. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (holding that where a motion for summary judgment is unopposed, the district court may not rely solely on the facts asserted in the movant's 56.1 statement but "must be satisfied that the citation to evidence in the record supports the assertion."); cf. Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) (holding that "unsupported assertions [in a 56.1 statement] must . . . be disregarded and the record independently reviewed."). A citation to defendant's 56.1 Statement incorporates by reference the documents cited therein.

[3] This may be part of plaintiff's insistence that he owes no debt; however, his settlement with Apex apparently did not discharge his underlying student loan.

[4] Plaintiff disputes that there is a promissory note. See, e.g., Plf.'s Opp. at 3 ("The documents that [defendant has] passed off to myself and the [C]ourt are not promissory notes."), at 4 ("In the instant case there is no promissory

Application and Promissory Note [ECF No. 69 at 10]. Defendant attaches a document dated June 7, 2007, which states: "I promise to pay the [DOE] all [loans] disbursed under the terms of this [note] to discharge my prior loan obligations, plus interest, and other fees that may become due…", signed by "Robert Dingle Jr." PN at 1. On August 3, 2007, the DOE issued plaintiff a Federal Direct Consolidated Loan ("FDCL"). Olds Decl., Ex. D, DOE 2018 Letter at 2 [ECF No. 61-4]. The DOE declared the FDCL in default and assigned it to the DOE's Default Resolution Group on or around January 27, 2013. Id.

The DOE's records reflect that on July 29, 2013, the DOE sent plaintiff a notice stating that the FDCL's "account" would be referred to the U.S. Department of Treasury ("Treasury") if the DOE did not receive payments within sixty-five (65) days of the date of the notice. Def.'s 56.1 ¶ 10. The account was referred to Treasury, id. ¶ 11, and Treasury withheld several income tax refund payments to plaintiff in June 2014 and May 2017, DOE 2018 Letter at 1, 3.

Between August 25, 2017 and December 5, 2017, plaintiff made four payments towards the consolidated loan's balance. DOE 2018 Letter at 1. On January 30, 2018, the DOE's Default Resolution Group sent plaintiff another letter acknowledging the four payments made and noting that plaintiff still owed unpaid principal and accrued interest on the loan. Id. On February 14, 2019, the Default Resolution Group sent plaintiff another letter restating that plaintiff's prior payments had been "credited" and that the outstanding balance in the account needed to be paid. Olds Decl., Ex. F, DOE 2019 Letter at 1 [ECF No. 61-6]. The letter also stated that the DOE had contracted with a private collection agency, Coast Professionals, Inc. ("Coast Professionals"), and placed the loan with the agency for collection. Id. at 1–2.

---

note."), at 5 ("The documents that [defendant] has submitted to the Court…are not promissory notes."), and at 6 ("[T]here is no promissory note…").

Prior to receiving the DOE's letters, plaintiff told the DOE that he did not sign the 2007 promissory note, that he "did not owe any loans, and pleaded with [defendant] to cease and desist from offsetting his income tax and stop debt collectors from calling his home." DOE 2018 Letter at 2–3; Am. Compl. ¶ 6. The DOE responded to plaintiff in 2018 and 2019, and detailed the process by which plaintiff could contest the signature on the promissory note and the validity of the loan. Def.'s 56.1 ¶¶ 13, 16. This process includes completing and submitting a "Loan Discharge Application: Unauthorized Signature/Unauthorized Payment" form along with supporting information, including notarized samples of plaintiff's signature, to the Default Resolution Group for investigation. Def.'s 56.1 ¶¶ 14–15; DOE 2018 Letter at 2; DOE 2019 Letter at 2. Defendant alleges that plaintiff never submitted a loan discharge form[5] nor provided any other information to challenge the signature on the promissory note or the underlying FDCL.[6]

Rather than pursue the DOE's internal dispute process, plaintiff contacted Citibank to inquire about the loan he took out while attending Apex Tech. Am. Compl. ¶ 10. Citibank told plaintiff that it had no record of any outstanding debt owed by him and that it had sold its student loans to Sallie Mae Consumer Banking ("Sallie Mae") and Discover Bank "some years ago." Id.

---

[5] Defendant's 56.1 statement states that "[p]laintiff never submitted the documentation required to challenge the signature on the promissory note[,]" and cites to a page of plaintiff's deposition transcript that is not included with defendant's motion. Def.'s 56.1 ¶ 17. As such, this allegation is not supported by the record. Nevertheless, plaintiff does not allege that he submitted a loan discharge form.

[6] Plaintiff may still be able to challenge the loan debt at issue by submitting a loan discharge application to the DOE's Dispute Resolution Group, pursuant to the instructions set forth in defendant's letters. If plaintiff receives a final decision from the DOE with which he disagrees, he may seek judicial review of the agency's final decision by filing a complaint under the Administrative Procedure Act ("APA"). Plaintiff should note, however, that the Court's review of an agency's final decision under the APA is limited to determining whether the agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law…." 5 U.S.C. § 706(2)(A). Even if the DOE issues a final decision holding plaintiff responsible for the loan amount owed, plaintiff may be eligible in the future to apply for the DOE's federal student loan forgiveness program, announced on August 24, 2022. The program is currently being challenged in court and is not presently accepting new applications. The Court strongly encourages plaintiff to contact the Legal Services NYC federal student debt hotline at 917-661-4500 to receive more information concerning this program and/or what other options may be available to him.

¶¶ 11, 13. Plaintiff thereafter contacted Sallie Mae, which informed him that it and another bank, Navient, had purchased Citibank's student loans, and that Sallie Mae and Navient "split some years later." Id. ¶ 12. Plaintiff contacted Sallie Mae, Navient, and Discover Bank, and requested that each bank "check" for "debts whatsoever" that plaintiff may owe. Id. ¶ 14. None of the banks identified any debt owed by plaintiff. Id.

Plaintiff alleges that the DOE violated his constitutional rights, because (a) the student loan debt at issue had not been pending long enough to qualify for a Treasury offset, (b) the DOE did not give plaintiff the required notice prior to the offset, and (c) the DOE has not proven that the student loan debt belongs to him. Am. Compl. ¶¶ 7–8. Plaintiff also alleges that defendant violated the FDCPA by misrepresenting the "character, amount, or legal status of a debt," and is liable for fraud because the DOE "had full knowledge that [it] had no legal basis upon which to collect funds." Id. ¶¶ 21, 25. Plaintiff seeks monetary damages for violations of his constitutional rights, mental anguish, deliberate indifference, and punitive damages, as well as injunctive relief "for all liens, and collection activities and immediate return of funds." ECF No. 1 at 6.[7]

I.  Procedural History

Plaintiff filed his original complaint against the DOE and Coast Professionals on January 9, 2020.[8] ECF No. 1. Coast Professional answered on January 23, 2020. ECF No. 11. The DOE answered on November 2, 2020. ECF No. 24. Plaintiff and counsel for Coast Professionals notified the Court that they had reached a settlement and would be filing a stipulation dismissing

---

[7] Plaintiff's amended complaint seeks "damages in the amount initially requested or reasonable settlement." Am. Compl. ¶ 27. The Court construes plaintiff's statement as a reference to the relief requested in his original complaint.
[8] The complaint was originally filed in the Southern District of New York on December 17, 2019 and was transferred to this District.

the case as to Coast Professionals. ECF No. 27. A stipulation of dismissal was filed on January 21, 2021, and Coast Professionals was terminated from the action on the same date. ECF No. 31.

Plaintiff filed an amended complaint on April 30, 2021. ECF No. 36. The DOE answered the amended complaint on June 4, 2021. ECF No. 41. Discovery followed. The DOE now moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) and in the alternative, for summary judgment under Rule 56. ECF No. 60.[9] Plaintiff opposed defendant's motion,[10] ECF No. 69, and defendant replied, ECF No. 71.

## DISCUSSION

I. Standard of Review

    a. Rule 12(h)(3) Legal Standard

Defendant moves to dismiss plaintiff's federal claims pursuant to Rule 12(h)(3). Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Of note, the distinction between a Rule 12(b)(1) and a Rule 12(h)(3) motion "is largely academic, and the same standards are applicable to both types of motions." Greystone Bank v. Tavarez, No. 09-CV-5192, 2010 WL 3325203, at *1 (E.D.N.Y. Aug. 19, 2010);[11] Brotman v. United States, 111 F. Supp. 2d 418, 420 n.1 (S.D.N.Y. 2000) ("[M]otions to dismiss under the two rules are subject to the same standards.").

---

[9] On July 22, 2022, the DOE served plaintiff the requisite notices pursuant to Local Civil Rules 12.1 and 56.1, as well as a separate notice pursuant to Local Civil Rule 7.2. ECF Nos. 62–63.

[10] Plaintiff refers to defendant as "AAG Olds" or "Assistant Attorney General Olds" throughout his amended complaint and opposition to defendant's motion. See, e.g., Am. Compl. ¶ 9 ("Assistant attorney general Olds has a fiduciary responsibility to deter violations of federal statues…"); Plf.'s Opp at 4 ("AAG Olds cannot prevail under Rule 56…"), and at 6 ("AAG Olds should not be granted Summary Judgment" because "she has fraudulently concealed what she proposes as promissory notes."). Ms. Olds is not an Assistant Attorney General; rather, she is an Assistant United States Attorney. More importantly, plaintiff should not focus his dissatisfaction with this process and the DOE on Ms. Olds, who is not a party to this lawsuit. She is simply doing her job to represent the DOE in this matter.

[11] The Clerk of Court is respectfully directed to send plaintiff the attached copies of all the unreported cases cited herein.

Federal courts are courts of limited jurisdiction and may only hear matters over which they have subject matter jurisdiction. Wynn v. AC Rochester, 273 F. 3d 153, 157 (2d Cir. 2001). "The absence of such jurisdiction is non-waivable; before deciding any case" the Court must be satisfied that it is "properly within [the Court's] subject matter jurisdiction." Id. (collecting cases). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.* If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F. 3d 697, 700–01 (2d Cir. 2000); Aydinyan v. Bogomolova, No. 16-CV-1126, 2016 WL 7337953, at *2 (E.D.N.Y. Sept. 7, 2016), report and recommendation adopted, No. 16-CV-1126, 2016 WL 7324084 (E.D.N.Y. Dec. 15, 2016) (emphasis added). Plaintiff as the party invoking federal jurisdiction bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

  b. Rule 56 Legal Standard

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248). "The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational

7

juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

If the moving party meets its burden in establishing the absence of any genuine issue of material fact, "the burden shifts to the non-movant to point to record evidence creating a genuine issue of material fact." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). The non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (citation and internal quotation marks omitted). When a plaintiff is proceeding *pro se*, the Court "read[s] his papers liberally and interpret[s] them to raise the strongest arguments that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003)) (internal quotations omitted).

II. Analysis

    a. FDCPA

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." Cooke v. United States, 918 F.3d 77, 81 (2d Cir. 2019) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). As a general rule, the United States Government and its agencies are immune from suit absent a waiver of sovereign immunity consented to by Congress. Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (holding that "the United States may not be sued without its consent" and "the existence of consent is a prerequisite for jurisdiction." (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983))). A waiver of sovereign immunity "may not

be inferred, but must be unequivocally expressed" in the statute's text. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (citation and internal quotation marks omitted); Lane v. Pena, 518 U.S. 187, 192 (1996). Absent an unequivocal and express waiver of sovereign immunity, the Court lacks subject matter jurisdiction to hear plaintiff's claim. Tucker v. United States, No. 96-CV-6039, 1998 WL 708923, at *1 (E.D.N.Y. July 6, 1998) (citing Stout v. United States, 229 F.2d 918, 918 (2d Cir. 1956), cert. denied, 351 U.S. 982 (1956)).

Courts in this Circuit have held that the United States has not waived its sovereign immunity regarding FDCPA claims brought against it. Ojo v. United States, No. 20-CV-4882, 2020 WL 7262853, at *5 (E.D.N.Y. Dec. 9, 2020) (noting that the Second Circuit has affirmed at least one lower court's holding that the FDCPA does not unequivocally express a waiver of sovereign immunity and that "[a]ll other circuit courts that have addressed the issue have concluded that Congress did not waive sovereign immunity when it enacted the FDCPA." (collecting cases)). Plaintiff argues that defendant waived its sovereign immunity, because defendant "failed to assert" immunity in its answer pursuant Rule 12(c). Plf.'s Opp. at 2 ¶ 4.

As a preliminary matter, Rule 12(c) is not about waiver of immunity, but rather allows a party to move for judgment on the pleadings after a complaint has been filed and answered. The Court's subject matter jurisdiction is not a waivable defense. See Fed. R. Civ. P. 12(h) (noting that a party may waive "any defense listed in Rule 12(b)(2)-(5)" and excludes a "lack of subject matter jurisdiction" defense raised under Rule 12(b)(1)). As the FDCPA does not expressly waive the United States and its agencies' sovereign immunity, plaintiff cannot sue the DOE under the FDCPA. Therefore, the Court lacks subject matter jurisdiction over this matter, and defendant's motion to dismiss should be granted.[12]

---

[12] Plaintiff's amended complaint also alleges that defendant violated the FDCPA, because Section 1692e of the statute "prohibits debt collectors from using any false, deceptive or misleading respresentations…." Am. Compl. ¶

9

b. Fraud claims

Plaintiff's state law claims under Section 349 of the New York General Business Law and for fraudulent inducement and fraudulent concealment are also barred by sovereign immunity. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state." N.Y. Gen. Bus. Law § 349(a); Baker-Rhett v. Aspiro AB, 324 F. Supp. 3d 407, 416 (S.D.N.Y. 2018). To establish a claim of fraudulent inducement under New York law, a plaintiff must show that "'(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance.'" Wall v. CSX Transp., Inc., 471 F.3d 410, 415–16 (2d Cir. 2006) (quoting Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc., 98 F.3d 13, 19 (2d Cir. 1996)).

The Federal Torts Claims Act ("FTCA") provides a limited waiver of sovereign immunity over claims sounding in tort for plaintiffs seeking money damages caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.* (emphasis added). However, FTCA claims can only be brought against the United States; they cannot be brought against a United States agency, such as the DOE. 28 U.S.C. § 2679(a) ("The authority of any federal agency to…be sued in its own name shall not be construed to authorize suits against such federal agency on claims" brought under the FTCA); Leytman v. U.S. Dep't of Homeland Sec. Transp. Sec. Admin., 804 F. App'x 78, 79 (2d Cir. 2020) (summary order) ("Any FTCA claim

---

21. Even if the Court had subject matter jurisdiction over plaintiff's claim, the FDCPA expressly excludes officers or employees of the United States as "debt collectors" subject to liability under the statute. 15 U.S.C.A. § 1692a(6)(2); Buczek v. United States, No. 15-CV-273, 2018 WL 2119587, at *5 (W.D.N.Y. May 8, 2018).

must be alleged against the United States, not a specific United States agency."). In addition, the FTCA expressly excludes tort claims arising out of "misrepresentation" or "deceit" from its limited waiver of sovereign immunity. 28 U.S.C. § 2680(h).

Here, plaintiff alleges that the DOE misrepresented the existence, amount and legal status of the alleged debt he owes on a student loan. Am. Compl. ¶¶ 9, 21. However, the Court lacks jurisdiction over his claims. Even assuming plaintiff brought a FTCA claim against the DOE, which he did not, his claim would be barred for two reasons: first, the FTCA does not authorize a lawsuit against the DOE as a federal agency. Second, plaintiff's claims for fraud or misrepresentation would fall under Section 2680(h)'s exception to the FTCA's waiver of sovereign immunity. Therefore, even if the Court had jurisdiction over plaintiff's amended complaint, defendant's motion to dismiss would be granted.

    c. Due Process Claims

Plaintiff alleges that the DOE violated his due process and equal protection rights under the Fourteenth Amendment, and his due process rights under the Fifth Amendment. It is well settled that the Fourteenth amendment "applies to the states but not to the federal government" and its agencies. Noel v. Chapman, 508 F.2d 1023, 1026 n.2 (2d Cir. 1975). The DOE is no exception here. Therefore, defendant's motion to dismiss plaintiff's due process claims under the Fourteenth Amendment should be granted.

Under the Fifth Amendment, which does apply to the federal government and its agencies, due process requires notice and an opportunity to be heard. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1985). The Administrative Procedure Act ("APA") provides a limited waiver of sovereign immunity for Fifth Amendment claims against the United States Government and its agencies where a plaintiff seeks relief other than monetary damages

11

and alleges "'a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'" Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702). Where a plaintiff has stated such a claim, the APA allows the plaintiff to challenge the agency's action and provides the Court with the power to "hold unlawful and set aside agency action, findings, and conclusions found to be ... contrary to constitutional right, power, privilege or immunity." 5 U.S.C. § 706(2)(B); Nicholas v. Trump, 433 F. Supp. 3d 581, 588 (S.D.N.Y. 2020).

However, the APA only allows for judicial review after a plaintiff has exhausted their administrative remedies such that the agency's action is "final" and "there is no other adequate remedy in a court." 5 U.S.C. § 704; Shakhnes v. Berlin, 689 F.3d 244, 260 (2d Cir. 2012) ("Under the [APA], courts may not review agency actions unless such actions are 'final.'" (citation omitted)). Failure to pursue administrative remedies prior to seeking judicial review will result in the action's dismissal. Wimberly v. U.S. Dep't of Educ., No. 12-CV-7773, 2013 WL 6123172, at *2 (S.D.N.Y. Nov. 21, 2013).

The Higher Education Act ("HEA") governs federal student loans guaranteed by the DOE and establishes the procedures for a person to contest a student loan. 20 U.S.C. § 1071 *et seq*. An individual "seeking discharge of a student loan debt on the ground of identity theft" must avail themselves of the administrative process described in 34 C.F.R. § 682.402(e). Ogunmokun v. Am. Educ. Servs./PHEAA, No. 12-CV-4403, 2014 WL 4724707, at *4 (E.D.N.Y. Sept. 23, 2014). Only after exhausting this administrative process and receiving a final decision from the DOE can a plaintiff seek judicial review of the decision under the APA. Nelson-Charles v. U.S. Dep't of Educ., No. 19-CV-1616, 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019).

Even if plaintiff had availed himself of the administrative process and had received a final decision, which he did not, his Fifth Amendment claim would still fail. Plaintiff's amended complaint alleges that the DOE violated his Fifth Amendment due process rights because it did not provide him proper notice prior to sending the student loan debt at issue to Treasury for offset. Am. Compl. ¶ 8. However, the DOE notified plaintiff of its intent to collect on the defaulted loan by Treasury offset in 2013, and again by letters in 2018 and 2019. Def.'s 56.1 ¶¶ 10, 13, 16; Nelson-Charles, 2019 WL 1675999, at *2 (finding plaintiff had received the required notice and been given opportunity to respond but had failed to follow procedures established by the HEA to challenge the debt owed); Gaddy v. U.S. Dep't of Educ., No. 08-CV-573, 2010 WL 1049576, at *4 (E.D.N.Y. March 22, 2010) (finding no due process violation where defendant received notice, opportunity for hearing, and right to request reconsideration of the DOE's wage garnishment to repay student loan). Likewise, the DOE acknowledged plaintiff's assertion that he did not sign for the loan and provided him with detailed instructions on how to contest loan's validity in defendant's 2018 and 2019 letters. Def.'s 56.1 ¶¶ 13–16. In both letters, the DOE noted that plaintiff could challenge the validity of the signature on the 2007 promissory note by completing and mailing to the DOE's Dispute Resolution Group a "Loan Discharge Application: Unauthorized Signature/Unauthorized Payment" form and supporting documentation. Id. ¶ 15. Plaintiff does not allege that he submitted an application nor otherwise availed himself of the administrative procedures available to him. Id. ¶ 17. Insofar as plaintiff seeks to have the student loan debt assigned to him discharged or to be relieved of the Treasury offset against him and his money returned, plaintiff's Fifth Amendment due process claims cannot be considered based on his failure to exhaust his administrative remedies. Accordingly, defendant's motion to dismiss should be granted.

## CONCLUSION

Although the Court empathizes with plaintiff's confusion and frustration regarding defendant's collection of a 2007 loan (FDCL) for a technical school program plaintiff attended in 1998, the Court does not have jurisdiction over plaintiff's claims. The 2001 settlement that plaintiff reached with Apex releasing him from all tuition payments owed to Apex did not discharge the loan from defendant. Sovereign immunity bars plaintiff's action against defendant.

Therefore, I respectfully recommend that defendant's motion to dismiss plaintiff's amended complaint should be granted, and plaintiff's action should be dismissed without prejudice for lack of jurisdiction.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                  /S/
                                      LOIS BLOOM
                                      United States Magistrate Judge

Dated: March 15, 2023
        Brooklyn, New York